```
1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                          EASTERN DISTRICT OF CALIFORNIA
10
11  WILLIE PAUL VIGIL, JR.,          )    1:10-cv-01977-LJO-GSA-PC
                                     )
12           Plaintiff,              )    ORDER GRANTING MOTION TO
                                     )    AMEND COMPLAINT
13       v.                          )    (Doc. 15.)
                                     )
14  WARDEN JAMES A. YATES, et al.,   )    THIRTY DAY DEADLINE TO FILE
                                     )    SECOND AMENDED COMPLAINT
15                                   )
            Defendants.              )
16  _____)
```

17    Willie Paul Vigil, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

18 this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 21, 2010.

19 (Doc. 1.) On November 15, 2010, Plaintiff filed the First Amended Complaint. (Doc. 9.) On January

20 1, 2011, Plaintiff filed a motion for leave to file a Second Amended Complaint. (Doc. 15.)

21    Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's

22 pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P.

23 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse

24 party, and leave shall be freely given when justice so requires. Id. Here, because Plaintiff has already

25 amended the complaint once, Plaintiff's requires leave of court to file a Second Amended Complaint.

26    "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"

27 AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R.

28

1

Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Plaintiff's case has been pending since October 21, 2010. The delay in litigation will be further extended if Plaintiff is granted leave to amend. However, given that the complaint has not been served, and no other party has appeared in the action, amending the complaint should not prejudice the opposing party. Plaintiff seeks to file a Second Amended Complaint which is more accurate and precise than the First Amended Complaint. The Court finds no evidence of bad faith or futility. Therefore, in the interest of justice, Plaintiff's motion to amend the complaint shall be granted.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint, filed on January 21, 2011, is GRANTED;
2. Within thirty days from the date of service of this order, Plaintiff shall file a Second Amended Complaint; and
3. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   May 24, 2011               /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE

2