UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE PAUL VIGIL, JR., <br><br> Plaintiff, <br><br> vs. <br><br> WARDEN JAMES A. YATES, et al., <br><br> Defendants. | 1:10-cv-01977-LJO-GSA-PC <br><br> ORDER VACATING FINDINGS AND RECOMMENDATIONS OF AUGUST 4, 2014 <br> (Doc. 23.) <br><br> THIRTY DAY DEADLINE TO FILE THIRD AMENDED COMPLAINT NOT EXCEEDING 25 PAGES |

Willie Paul Vigil, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 21, 2010. (Doc. 1.) On November 15, 2010, Plaintiff filed the First Amended Complaint. (Doc. 9.) On June 17, 2011, with leave of court, Plaintiff filed the Second Amended Complaint. (Doc. 18.)

The court screened the Second Amended Complaint pursuant to 28 U.S.C. § 1915A and issued an order on May 14, 2014, requiring Plaintiff to either file a Third Amended Complaint or notify the court that he is willing to proceed on the claims found cognizable by the court, within thirty days. (Doc. 19.) Plaintiff failed to comply with the court's order.

On June 25, 2014, the undersigned issued findings and recommendations to dismiss this action for Plaintiff's failure to obey the court's May 14, 2014 order. (Doc. 20.) On August 1, 2014, Plaintiff filed objections to the findings and recommendations, notifying the court that he

1

wishes to proceed with the Second Amended Complaint on the claims found cognizable by the court, against defendants Valencia and Diez for use of excessive force, and against defendant Valencia for retaliation.  (Doc. 21.)  Based on Plaintiff's objections and notification, the court vacated the findings and recommendations of June 25, 2014.  (Doc. 22.)

On August 4, 2014, the undersigned issued findings and recommendations for this case to proceed with the Second Amended Complaint on the cognizable claims, recommending that all other claims and defendants be dismissed.  (Doc. 23.)  On August 22, 2014, Plaintiff filed objections to the findings and recommendations, notifying the court that he now wishes to also proceed against defendants Espion,[1] King, Howard, Obrien, Solo, Das, and Brown for excessive force, retaliation, and medical claims brought in the Second Amended Complaint.  (Doc. 25.)  Plaintiff requests the court to include these claims and defendants in this action, without requiring Plaintiff to amend the complaint.  In light of this request, the court shall vacate its August 4, 2014 findings and recommendations.

If Plaintiff now wishes to proceed against all of his named defendants, his remedy is to file a Third Amended Complaint clearly setting forth all of the claims and defendants he wishes to include.  Plaintiff may not proceed with the Second Amended Complaint on claims that are not cognizable.[2]  Plaintiff shall be granted thirty days to file a Third Amended Complaint.

The Third Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct.  Iqbal, 556 U.S. at

---

[1] Plaintiff refers to this defendant in his documents with alternate spellings of "Espino" and "Espion."

[2] On May 4, 2014, the court found that Plaintiff fails to state any cognizable claims against defendants Espino, King, Howard, Obrien, Solo, Das, or Brown in the Second Amended Complaint.  (Doc. 19.)

677.  Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones, 297 F.3d at 934 (emphasis added).

Twenty-five pages is more than sufficient for Plaintiff to identify his claims and set forth specific facts in support of those claims.  Plaintiff should review the court's order of May 4, 2014 and only bring claims against defendants that appear cognizable.  Accordingly, Plaintiff's Third Amended Complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants for unrelated issues or claims arising after October 21, 2010.  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  In addition, Plaintiff should take care to include only those claims that were administratively exhausted before he filed this action on October 21, 2010.

Plaintiff is reminded that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading.  Local Rule 220.  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The findings and recommendations issued on August 4, 2014, are VACATED;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff is required to file a Third Amended Complaint on the court's form, not exceeding 25 pages, within thirty days of the date of service of this order;
4. The Third Amended Complaint shall be titled "Third Amended Complaint" and refer to case 1:10-cv-01977-LJO-GSA-PC; and

5. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed.

IT IS SO ORDERED.

Dated: **September 5, 2014**           **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE