# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE PAUL VIGIL, JR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. VALENCIA,<br><br>　　　　Defendant. | Case No. 1:10-cv-01977-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT VALENCIA'S MOTION TO DISMISS<br><br>[ECF No. 49]<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Willie Paul Virgil, Jr., is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff declined United States Magistrate Judge Jurisdiction; therefore, this matter was referred to undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.[1]

Currently before the Court is Defendant R. Valencia's motion to dismiss the third amended complaint, filed on December 2, 2016. (EFC No. 49.)

## I.

## RELEVANT HISTORY

Plaintiff filed his original complaint in this action on October 18, 2010, (EFC No. 1), a first amended complaint on November 9, 2012, (ECF No. 9), a second amended complaint on June 14, 2011, (ECF No. 18), and a third amended complaint on September 22, 2014, (ECF No.

---

[1] Plaintiff declined United States Magistrate Judge Jurisdiction on November 10, 2012. (EFC No. 6.)

27).[2] Following screening, the Court ordered that this action proceed on Plaintiff's third amended complaint against Defendant R. Valencia for excessive force in violation of the Eighth Amendment for events on March 11, 2010 and June 7, 2010. (EFC No. 36.) All other claims and defendants were dismissed. (Id. at 2.)

On December 2, 2016, Defendant filed a motion to dismiss Plaintiff's third amended complaint under Federal Rule of Civil Procedure 12(b)(6). (EFC No. 49.) On January 20, 2017, Plaintiff filed an opposition to Defendant's motion to dismiss. (EFC No. 52.) On January 27, 2017, Defendant replied to Plaintiff's opposition brief. (EFC No. 53.)

Accordingly, Defendant's motion to dismiss is deemed submitted for review without oral argument. Local Rule 230(l).

## II.

## SUMMARY OF THE ARGUMENTS

Defendant filed a motion to dismiss arguing that on the face of the third amended complaint, Plaintiff failed to exhaust his administrative remedies before bringing this suit. Defendant also argues as an additional basis for dismissal that she is entitled to qualified immunity because it was not clearly established under the law that the conduct Plaintiff challenges violated his Eighth Amendment rights. (EFC No. 49.)

In opposition, Plaintiff asserts that he did exhaust his administrative remedies, and that Defendant is not entitled to qualified immunity. Accordingly, Plaintiff argues that Defendant's motion to dismiss should be denied. Plaintiff's response attaches grievance forms and responses that he argues are proof that he properly exhausted his administrative remedies. (EFC No. 52.)

In reply, Defendants argue that Plaintiff actually confirms his failure to exhaust his administrative remedies in his opposition and attachments. (EFC No. 53.) Specifically, Defendant asserts that Plaintiff brought the instant action prior to exhausting all of his

---

[2] Unless otherwise noted, Plaintiff's filing dates referenced herein are based on the prison mailbox rule, pursuant to which a document is deemed served or filed on the date a prisoner signs the document (or signs the proof of service, if later) and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by prisoners).

administrative remedies, because this action was commenced on October 18, 2010, and the director's level responses to the grievances that Plaintiff relies upon were not issued until after that date. (EFC No. 52.) Defendant further argues that she is entitled to qualified immunity, and Plaintiff's opposition did not substantially address her arguments on that issue. Accordingly, Defendant requests that her motion to dismiss be granted.

## III.
## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). In ruling on a motion to dismiss, the Court may consider documents attached to or referenced in the complaint, see Branch v. Tunnell, 14 F.3d 449, 453–54 (9th Cir. 1994), and is not required to accept as true conclusory allegations that are contradicted by those documents, see Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295–96 (9th Cir. 1998).

## IV.
## DISCUSSION

**A.    Summary of Relevant Third Amended Complaint Allegations**

Plaintiff alleges that on March 11, 2010, Defendant Valencia and Correctional Officer Diez were ordered to escort Plaintiff from his cell to Lieutenant Brown's office. Correctional Officers Diez and Valencia approached Plaintiff's cell and looked at Plaintiff "with a mad face." (Third Am Compl., ECF No. 27, at p. 6.) Defendant Valencia opened the tray slot and applied handcuffs to Plaintiff, "purposely tightening both handcuffs all the way press down into plaintiff's wrists deeply into his skin cutting off Plaintiff's circulation in both of his hands [and] pulled on the chain of the handcuffs as hard as she could through the cell door tray slot repelling Plaintiff backwards causing him to hit his lower back against his cell door." (Id. at 6.)

Defendant Valencia pulled Plaintiff out of the cell and then both officers "raised up Plaintiff's cuff hands behind his back with extreme force as high as both women officers could

1 dipping Plaintiff forward while Defendant Valencia had a hold of Plaintiff's left five fingers
2 while purposely squeezing and twisting Plaintiff's fingers and left wrist with extreme force."
3 (Id. at 7.) Plaintiff asked Defendant Valencia, "are you trying to break my wrist?" Defendant
4 Valencia responded that she was only escorting Plaintiff. Plaintiff tried to avoid water on the
5 floor, but Defendant Valencia pushed Plaintiff's head forcefully forward. Plaintiff slipped
6 and grunted in pain but somehow caught himself from falling. Plaintiff was escorted to Lt. Brown's
7 office and sat down in a chair.

After the shift change at 1:45, Correctional Officer Massetti removed Plaintiff from the cage and, along with Defendant Valencia, escorted Plaintiff back to his cell. Plaintiff alleges that after he entered his cell and backed up to the tray slot to allow Defendant Valencia to remove his handcuffs, Defendant Valencia "purposely twisted Plaintiff's handcuffs on his wrists by pulling hard on the chain and twisting it then Defendant Valencia had unlocked Plaintiff's right handcuff then had started once again purposely twisting Plaintiff's left handcuff forcefully on Plaintiff's wrist causing him to yell in pain." (Id. at 8.) Plaintiff told Defendant Valencia that he would file a staff complaint if she broke his wrist. Defendant Valencia then "twisted the handcuff on Plaintiff on his left wrist one last time with force." (Id.)

On June 7, 2010, Defendant Valencia escorted Plaintiff to the medical clinic. Plaintiff alleges that the following occurred:

> Defendant Valencia had purposely put plaintiff's right handcuff on him twisted with one part of the cuff on Plaintiff's wrist and the other part of the same right cuff was put on Plaintiff's right forearm while in the stand-up cage then Defendant Valencia, had pulled Plaintiff out of the stand-up cage and proceeded to escort Plaintiff down B section tier and put Plaintiff back in his cell then Defendant Valencia, had pulled and twisted Plaintiff's right handcuff with force through the tray slot door which Plaintiff had yelled out in pain then had unhandcuff him.

(Am Compl. 11.)

**B.    Exhaustion of Administrative Remedies**

The Court first analyzes Defendant's argument that because Plaintiff failed to exhaust his administrative remedies before bringing this action, the suit should be dismissed without

prejudice. A claim may be dismissed under Rule 12(b)(6) on the ground that the non-moving has failed to exhaust administrative remedies. The failure to exhaust is an affirmative defense, and defendant bears the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may successfully move for dismissal under Rule 12(b)(6)." Id. The proper remedy is dismissal without prejudice. McKinney, 311 F.3d at 1200-1201.

With these principles in mind, the Court turns to the relevant legal requirements for the exhaustion of administrative remedies in this case, and the facts presented here.

### 1. Legal Standards for Exhaustion under the PLRA

Pursuant to the Prison Litigation Reform Act (PLRA) of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a mandatory requirement, McKinney, 311 F.3d at 1199-1201 (citing Booth v Churner, 532 U.S. 731, 741(2001)) and prisoners are required to have exhausted all of the "available" administrative remedies before commencing suit challenging prison conditions. Jones v. Bock, 549 U.S. 199, 211 (2007). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth, 532 U.S. at 741, and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

### 2. Exhaustion Under California Prison Administrative Grievance System

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. The CDCR requires a prison inmate to satisfy the administrative exhaustion requirement by following the procedures set forth in sections 3084.1 through 3084.8 of Title 15 of the California Code of Regulations. An inmate "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a).

1   The regulations require the prisoner to proceed through all three levels of review. See Cal. Code Regs. tit. 15, § 3084.2(a). A decision at the third level of review, known as the director's level of review, is not appealable and constitutes the third level of administrative review. Id. Cal. Code Regs. Tit. 15 § 3084.8(c)(3). California state prisoners are required to use this process to exhaust their claims prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002); Albino, 747 F.3d at 1166. That is, exhaustion requires that the third level of administrative review must have been completed prior to filing the lawsuit, and exhaustion may not occur during the pendency of the federal law suit. McKinney, 311 F.3d at 1200; Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012).

3.   Analysis

In the instant case, Plaintiff referenced and attached the relevant grievances and response to the third amended complaint and subsequent fillings thereafter. (ECF No. 27, at pp. 3, 28-48; ECF No. 52, at pp. 5-8, 17-20.) Accordingly, these documents were made a part of the complaint and are not in dispute, and the Court may consider them in ruling on this motion. Branch, 14 F.3d at 453-54.

Based on Plaintiff's submissions, there are two relevant grievances that he asserts exhausted his administrative remedies with regards to the claims in this action. First, on March 15, 2010, Plaintiff submitted an inmate appeal (PVSP No. 10-00481) for the incident that occurred on March 11, 2010 involving Defendant Valencia, seeing an investigation and compensation for the alleged injuries from excessive force. (ECF No. 52, pp. 5-6.) On March 17, 2010, the grievance was processed as a staff complaint. On June 15, 2010, the grievance was partially granted at the second level in that there was an investigation of the alleged staff misconduct, but no wrongdoing was found. Plaintiff submitted an appeal to the third level of review on June 22, 2010. On October 28, 2010, Plaintiff received the director's level decision on his grievance. At that level, the grievance was denied on the grounds that no staff misconduct was substantiated. (Id. at 17-18.) Thus, this grievance concerning the March 11, 2010 use of force at issue in this case was fully exhausted as of October 28, 2010.

///

Second, on June 8, 2010, Plaintiff submitted an inmate appeal (PVSP No. 10-01015) for the incident that occurred on June 7, 2010 involving Defendant Valencia. (Id. at 7-8.) On June 21, 2010, the grievance was processed as a staff complaint. On July 27, 2010, the grievance was partially granted at the second level in that there was an investigation of the alleged staff misconduct, but no wrongdoing was found. Plaintiff submitted an appeal to the third level of review on August 30, 2010. On January 5, 2011, Plaintiff received the director's level decision, in which his appeal was denied on the grounds that no there was no evidence to support a finding that Defendant Valencia violated departmental policy. (Id. at 19-20.) Thus, this grievance concerning the June 7, 2010 use of force at issue in this case was fully exhausted as of January 5, 2011.

Based on the foregoing, Plaintiff did not exhaust his administrative remedies for the incidents at issue prior to bringing this action. The original complaint was tendered on October 18, 2010, and the director's level review of Plaintiff's grievances was not completed until after that date—on October 28, 2010 and January 5, 2010, respectively. Exhaustion is a mandatory requirement, and as noted above, a prisoner must exhaust administrative remedies prior to commencing a lawsuit, not while the lawsuit is pending.

Plaintiff asserts that this action was filed on November 15, 2010, and therefore he fully exhausted all of his administrative remedies before filing suit. Plaintiff is mistaken; November 15, 2010 is the date when his first amended complaint in this action was stamped filed and received by the Clerk of the Court. It is not the date this action was commenced. The Court must use the date that Plaintiff's original complaint was tendered for filing to determine whether Plaintiff fully exhausted his administrative remedies before bringing suit, not the date of a subsequent amended pleading after the action commenced. Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012) (discussing that an action is brought for purposes of exhaustion under § 1997e(a) when the complaint is tendered to the district clerk); see also id. ("Akhtar asserted his claim for failure to comply with his medical chrono regarding housing in his initial complaint. . . . Thus, Akhtar was required to exhaust this claim before he filed his initial complaint.") (citing McKinney, 311 F.3d at 1200–01).

7

For these reasons, the Court finds that Plaintiff has failed to exhaust his administrative remedies prior to bringing this action, and the action should be dismissed without prejudice.

### C.     Qualified Immunity

Defendant's argument that she is entitled to qualified immunity will not be addressed, as the Court finds the exhaustion issue is dispositive.

## V.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant's motion to dismiss, filed on December 2, 2016, should be granted on the grounds of failure to exhaust administrative remedies, and this action be dismissed, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 25, 2017**

UNITED STATES MAGISTRATE JUDGE